ANDREW RUSHING v. STATE.

No. A-2299. Opinion Filed February 14, 1916.

(154 Pac. 1005.)

1.     **ASSAULT AND BATTERY**—Intent to Do Bodily Harm—Sufficiency of Evidence. In a prosecution for assault with intent to kill, the evidence examined and held to be sufficient to sustain a verdict finding the defendant guilty of assault with intent to do bodily harm.

2.     **VERDICT**—Refusal to Discharge Jury. After the jury retired to consider of their verdict they returned into court and announced that they had come to an unanimous agreement with respect to the guilt of the defendant, but could not agree as to the degree of the offense and the punishment. Thereupon defendant moved the court to discharge the jury, which was overruled and the court then ordered the jury to again retire and consider of their verdict. Held, that the court very properly overruled defendant's motion to discharge the jury.

*Appeal from Superior Court, Oklahoma County;
Edward Dewes Oldfield, Judge.*

Andrew Rushing, was convicted of assault with intent to do bodily harm, and appeals. Affirmed.

*A. N. Munden* and *William Harrison,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction in the Superior Court of Oklahoma county upon an information charging that plaintiff in error, Andrew Rushing, did feloniously commit an assault and battery upon William C. Puckett, with a razor, a dangerous weapon, and did then and there and thereby inflict certain dangerous wounds upon the said Puckett with the felonious intent to kill him.

The defendant was by the jury found guilty of "assault with intent to do bodily harm," but failed to agree upon the punishment. The court sentenced the defendant to imprisonment in the penitentiary for the term of two years.

From the judgment an appeal was taken by filing in this court on May 29, 1914, a petition in error with case-made.

The evidence tends to show that W. C. Puckett, a grocery-man in Oklahoma City had a dispute with the defendant over the price of some meat, involving ten cents. About two hours later the defendant met Puckett on the street and said to him, "God damn you, you insulted me," struck him in the face, knocking his glasses off, and then cut him with a razor or knife across the neck, cutting off about one-third of the lobe of the left ear, and cutting the neck over the jugular vein.

Several eye witnesses testified that the defendant was the aggressor. The defendant running from his victim, was stopped by a policeman who asked, what was the matter and the defendant said, "He had cut a white man."

As a witness in his own behalf the defendant testified that he went to Puckett's place of business to buy some meat and that

"there was a little misunderstanding about the price," that later meeting Mr. Puckett on the street he said to him, "You ought not to do me that way," and that Mr. Puckett struck him twice saying, "Come on boys, here is a bad negro," and, "I got out my knife and cut him on the arm to get myself loose."

The errors assigned are predicated upon the proceedings had in receiving the verdict. It appears from the record that the jury having retired to deliberate of their verdict, returned into court and announced that they had agreed on the question of the guilt of the defendant, but could not agree as to the punishment.

The record is then as follows:

"By the court: If you find that you cannot agree as to the matter of fixing the punishment, you may then so state in your verdict, and leave the punishment to be fixed by the court.

By Mr. Munden: I suggest that such a form of verdict be furnished the jurors.

By the Court: Gentlemen of the jury, if you are unable to agree as to the punishment to be assessed, you may sign one of the three forms of verdict now submitted to you. That is, finding him guilty of the charge you find him to be guilty of, and if it is assault with intent to kill, you will sign this verdict, finding him guilty of assault with intent to kill, and leave the punishment to be fixed by the court. If you find him guilty of assault with intent to do bodily harm, you will sign that verdict, and if you find him guilty of simple assault and battery, you will find him guilty and leave the punishment to be fixed by the court.

By a juror: Shall we all sign the same verdict? There are three forms of verdict.

By the Court: There are three forms of verdict, one of assault with intent to kill, one, assault with intent to do bodily harm, and one of assault and battery. You will sign one of those three forms.

By a juror: That is just where we split up.

By the Court: You mean as to the degree of the crime?

By the juror: Yes sir.

By the Court: You are not then agreed as to the guilt or innocence of the defendant as to the degree of the crime?

By the juror: No sir.

By the Court: Then gentlemen, you have not attempted to fix the punishment because you have not agreed as to the guilt or innocence of the defendant.

By the juror: I thought we should find him guilty or innocent, and then vote on the punishment, but they are trying to vote on the punishment and the guilt all at the same time.

By the Court: You gentlemen will have to fight those matters out by yourselves. The court cannot assist you in that regard.

By Mr. Munden: Comes now the defendant and moves the court to discharge the jury because of the mistakes which have been here and now made both by statements of the jurors and by his Honor.

By the Court: If you will specify what mistake the court has made, the court will be very glad to rectify any mistake made. If the court has mis-spoke himself in any way the court will be very glad to rectify any mistake that may have been made if counsel will draw his attention to any mistake.

By Mr. Munden: All of the statements pre-supposed the jury had found him guilty which was perfectly proper under the statement by the foreman, but that has had its effect on the jury in finding him guilty when as a matter of fact they have not yet agreed upon his guilt.

By the Court: The court fails to detect any error in the statement as made by counsel. The statements of the court were made under the mis-apprehension of the statement of the foreman. It has developed that the jury have not arrived on an agreement as to the guilt or innocence of the defendant, and the court now makes this statement to the jury: Mr. Foreman, after hearing from the several members of the jury, it is evident that you have not agreed as to the guilt or innocence of the defendant. You will therefore retire and deliberate further. The forms of verdict will not be submitted at this time.

By the Court: The motion to discharge the jury is over-ruled.

By Mr. Munden:   To which the defendant excepts."

We think the court very properly overruled the defendant's motion to discharge the jury.

Our procedure criminal provides:

"After the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court.   Upon their being brought into court, the information required must be given in the presence of, or after notice to the county attorney and the defendant or his counsel, or after they have been called."

Section 5913 Rev. Laws.

It is further provided:

"If the jury render a verdict not in form, the court may, with proper instructions as to the law, direct them to reconsider it, and it cannot be recorded until it be rendered in some form from which it can be clearly understood what is the intent of the jury."

Section 5926 Rev. Laws.

Under the statutes it was clearly within the province of the court to order the jury to retire further to deliberate and render a verdict responsive to the issue.   Nothing appears in the record tending to show that the action of the trial court improperly influenced the jury in returning the verdict upon which the judgment was rendered.   To constitute error it must appear that the defendant was prejudiced by the answers of the jurors, or that the action of the court was such as would tend to coerce the jury in arriving at a verdict of guilty.   It is not claimed that the court said anything that in any way would tend to influence the jury to return the verdict that was rendered.

This was the only exception taken upon the trial.

Upon a careful consideration of the whole record we are of the opinion that the defendant has no just cause of complaint.

The judgment appealed from is affirmed with directions to the court clerk of Oklahoma county to issue forthwith a commitment in accordance with the judgment of the Superior Court of Oklahoma county, as rendered on the verdict.

FURMAN and ARMSTRONG, JJ., concur.